IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **JAMES HOGWOOD,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action Number |
| ) | **5:12-cv-01146-AKK** |
| **SOCIAL SECURITY** ) | |
| **ADMINISTRATION,** ) | |
| **COMMISSIONER,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff James Hogwood ("Hogwood") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA"). This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence and, therefore, **AFFIRMS** the decision denying benefits to Hogwood.

### I. Procedural History

Hogwood filed applications for Disability Insurance Benefits and

Supplemental Security Income on March 25, 2009, alleging a disability onset date of January 30, 2009 due to mental problems, migraines, blackouts, and injuries from an automobile accident. (R. 170, 177, 287). After the SSA denied Hogwood's application, he requested a hearing before an ALJ. (R. 180). The ALJ subsequently denied Hogwood's claims, (R. 15-29), which became the final decision of the Commissioner when the Appeals Council refused to grant review, (R. 1-5). Hogwood then filed this action for judicial review pursuant to § 205(g) and § 1631(c)(3) of the Act, 42 U.S.C. § 405(g) and § 1383(c)(3). Doc. 1; *see also* doc. 9.

## II. Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *see* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). Title 42 U.S.C. §§ 405(g) and 1383(c) mandate that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must

review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*. (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

Substantial evidence falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted). If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529. While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III. Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). A physical or mental impairment is "an impairment that results from anatomical, physiological, or

psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis. 20 C.F.R. § 404.1520(a)-(f). Specifically, the Commissioner must determine in sequence:

(1) whether the claimant is currently unemployed;

(2) whether the claimant has a severe impairment;

(3) whether the impairment meets or equals one listed by the Secretary;

(4) whether the claimant is unable to perform his or her past work; and

(5) whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986). "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability. A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id*. at 1030 (citing 20 C.F.R. § 416.920(a)-(f)). "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

Lastly, where, as here, a plaintiff alleges disability because of pain, she must

meet additional criteria. In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Holt v. Barnhart*, 921 F.2d 1221, 1223 (11th Cir. 1991). Specifically,

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.[1]

*Id*. However, medical evidence of pain itself, or of its intensity, is not required:

> While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, <u>neither requires objective proof of the pain itself</u>. Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard <u>a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself</u>. *See* 20 CFR §§ 404.1529 and 416.929; *Hale* [*v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987)].

*Elam v. R.R. Ret. Bd.*, 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Moreover, "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Holt*, 921 F.2d at 1223. Therefore, if

---

[1] This standard is referred to as the *Hand* standard, named after *Hand v. Heckler*, 761 F.2d 1545, 1548 (11th Cir. 1985).

a claimant testifies to disabling pain and satisfies the three part pain standard, the ALJ must find a disability unless the ALJ properly discredits the claimant's testimony.

Furthermore, when the ALJ fails to credit a claimant's pain testimony, the ALJ must articulate reasons for that decision:

> It is established in this circuit that if the [ALJ] fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the [ALJ], as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the [ALJ] be supported by substantial evidence.

*Hale*, 831 F.2d at 1012. Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if the ALJ's reasons are not supported by substantial evidence, the court must accept as true the pain testimony of the plaintiff and render a finding of disability. *Id*.

### IV.  The ALJ's Decision

In properly applying the five step analysis, the ALJ first determined that Hogwood has not engaged in substantial gainful activity since January 30, 2009, and therefore met Step One. (R. 17). The ALJ also acknowledged that Hogwood's lumbago, seizure vs. syncope episodes, migraines, history of injuries from an automobile accident, depression, anxiety, and alcohol abuse constituted severe impairments that met Step Two. *Id*. The ALJ then proceeded to the next step and found that Hogwood failed to meet or equal one of the listed impairments

in 20 C.F.R. Pt. 404, Subpt. P, Appendix 1 and thus did not satisfy Step Three. *Id*. at 15. Although he answered Step Three in the negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to Step Four where he determined that Hogwood

> has the residual functional capacity to perform light work (lift, carry, push, or pull 20 pounds occasionally and 10 pounds frequently; stand or walk 6 hours in an 8-hour workday; and sit 6 hours in an 8-hour workday) as defined in 20 CFR 404.1567(b) and 416.967(b) except with the following limitations: have a sit/stand option; never climb ladder/rope/scaffolds; occasionally climb ramp/stairs; occasionally kneel, bend, and crawl; avoid exposure to all hazards; limited to performing simple, repetitive, and routine tasks with only occasional public contact and supervision that is tactful and constructive and nonthreatening; perform work in a low stress environment, defined as having only occasionally changes in work setting and decision making.

*Id*. at 20. With respect to the pain standard, the ALJ found that Hogwood's "medically determinable impairments could reasonably be expected to cause ***some of*** the alleged symptoms; however, [Hogwood's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above [RFC] assessment." *Id*. at 21 (emphasis in original). Based on this RFC assessment, the ALJ found that Hogwood is unable to perform any past relevant work. *Id*. at 27. Finally, at Step Five, the ALJ determined that "there are jobs that exist in significant numbers in the national economy that [Hogwood] can perform[,]" and, thus, denied

Hogwood's claim. *Id.*; *see also McDaniel*, 800 F.2d at 1030.

## V. Analysis

Hogwood alleges that the ALJ's decision is not supported by substantial evidence. Specifically, Hogwood contends that the ALJ failed to give adequate weight to the opinions of the treating psychiatrists or properly apply the pain standard. Doc. 9. For the reasons stated more fully below, the court finds that the ALJ's decision is supported by substantial evidence.

**A.    Assigning Weight to Treating Physicians**

According to Hogwood, the ALJ failed to properly assign weight to the treating psychiatrists Drs. Daniel McDonough and Sarah Boxley by failing to address Dr. McDonough's opinion or to re-contact Dr. Boxley prior to speculating that the opinion was based upon Hogwood's subjective complaints. Doc. 9 at 6-9. These contentions are unavailing for two reasons. First, Dr. McDonough issued his reports before Hogwood's alleged onset date. Therefore, the ALJ properly declined to address any opinions contained in those reports. *See* 20 C.F.R. §§ 404.1512(c), 416.912(c) ("You must provide medical evidence showing that you have an impairment(s) and how severe it is *during the time you say that you are disabled*.") (emphasis added). Second, the duty to re-contact a physician for clarification regarding a medical opinion under SSR 96-5p arises only "if the

evidence does not support a treating source's opinion on any issue reserved to the Commissioner and the adjudicator cannot ascertain the basis of the opinion from the case record[.]" SSR 96-5p.  Where, as here, the medical evidence is adequate to determine whether the claimant is disabled, the ALJ is not obligated to re-contact a medical source.  *Vesy v. Astrue*, 353 Fed. Appx. 219, 224-25 (11th Cir. 2009), citing 20 C.F.R. § 416.912(e).  Moreover, the reports completed by Dr. Boxley fail to indicate any formal testing and instead state either "[Hogwood] says," "[Hogwood] feels," "client reports," or "client verbalizes" as the basis for Dr. Boxley's assessments.  (R. 675-684).  Therefore, the ALJ correctly noted that Dr. Boxley's findings are based on Hogwood's subjective assertions. Accordingly, the court finds that the ALJ properly assigned weight to the opinions of Drs. McDonough and Boxley.[2]

### B.    The Eleventh Circuit Pain Standard

Hogwood contends also that the ALJ failed to properly apply the Eleventh

---

[2] Hogwood additionally alleges that "when a physician is instructed to give his opinion based on his own examination and he does so, it is assumed to be the doctors own professional assessment."  Doc. 9 at 8, citing *Hale v. Bowen*, 831 F.2d 1007, 1012 n.7 (11th Cir. 1987). Accordingly, Hogwood asserts that Dr. Boxley's note stating that she "believe[s] [Hogwood] is unable to work," (R. 610), is an objective assessment the ALJ should have afforded significant weight.  However, the case cited is in reference to a doctor completing a physical capacities evaluation at the direction of the Secretary, not an opinion provided at the direction of the client. *See Hale*, 831 F.2d at 1012 n.7. Moreover, an opinion regarding whether a claimant is disabled is not due special weight because such determinations are reserved to the Commissioner.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).

Circuit's pain standard when he discredited Hogwood's pain testimony. Doc. 9 at 9-11. This standard requires "evidence of an underlying medical condition" that is either (a) supported by "objective medical evidence that confirms the severity of the alleged pain arising from that condition," or (b) "of such a severity that it can be reasonably expected to give rise to the alleged pain." *Holt*, 921 F.2d 1221 at 1223. Moreover, a claimant's subjective testimony regarding pain, if supported by the medical evidence, is sufficient to support a finding of disability. *Id*. Accordingly, an ALJ must articulate the reasons for discrediting a claimant's pain testimony and substantial evidence must support the reasons. *Hale*, 831 F.2d at 1012.

    At the hearing before the ALJ, Hogwood testified that back pain from degenerative disc disease is his single most severe impairment and that it causes pain and a tingling sensation that prevents him from lifting more than a grocery bag or bending. (R. 42-43, 55-56). Hogwood testified also that he has mental disorders such as anxiety and depression that cause him to have mood swings, an uncontrolled temper, and "to do stupid stuff." *Id*. at 46. Moreover, Hogwood added that these mental disorders prevent him from properly dealing with stress and that he attempted suicide in 2006 as a result. *Id*. at 47. With respect to his seizures/syncopal episodes, Hogwood testified that "they are under control"

because of his medications and that he had not had a seizure in at least six months. *Id*. at 50-51.

As noted by the ALJ, although Hogwood provided "evidence of [] underlying medical condition[s]," he failed to present sufficient evidence to support his testimony regarding the pain purportedly caused by those conditions. Rather, most of the medical evidence Hogwood provided is from the time period before his alleged onset date.[3] As it relates to this current claim, the relevant medical evidence begins in February 2009 when Hogwood continued psychiatric treatment at Mountain Lakes Behavioral Healthcare with Dr. Boxley.  Dr. Boxley noted that Hogwood suffers from recurring depression, alcohol abuse, and a history of back pain with disc disease, but assigned a GAF score of 52 – indicating moderate symptoms.  (R. 618).  Hogwood followed up with Dr. Boxley until May 11, 2009.  However, the progress notes indicate that Hogwood's symptoms improved after an increase in medication and, in fact, Hogwood informed Dr. Boxley that he "thinks the [medication] is helping." *Id.* at 619; *see also id*. at 619-622, 676-684.  Hogwood also saw Dr. Ronald Calhoun at Family Practice, but progress notes from March 9 and February 9, 2009 indicated only that Dr. Calhoun

---

[3] Hogwood previously filed for disability benefits for the period including February 22, 2006 through January 29, 2009.  However, Hogwood did not appeal the prior decision denying benefits.  (R. 40-42, 147-50).

prescribed pain medication for Hogwood's lower back pain. *Id*. at 611-612.

After suffering what he believed to be a seizure, Hogwood saw Dr. Jeffrey Harris at Harris Neurological Associates for an evaluation on April 9, 2009. *Id*. at 623-24. Dr. Harris's impression was epileptic versus nonepileptic disorder, syncope, migraines and chronic back pain. *Id*. To allay related symptoms, Dr. Harris prescribed medications intended to prevent seizures and migraines. *Id*. Two months later when Hogwood returned for a follow up, Hogwood stated that he still suffered from headaches and back pain, but that the pain from both was less severe. *Id*. at 673. After Dr. Harris changed Hogwood's pain medication in July, Hogwood stated that he no longer suffered daily headaches and that the pain was "much improved." *Id*. at 671, 669. Additionally, at Hogwood's final appointment on February 12, 2010, Hogwood described his headaches as only "mild" and indicated that he had only one seizure since his last appointment the previous August. *Id*. at 668.

The final portion of relevant medical evidence is from Dr. Robert Estock's psychiatric review technique and mental RFC performed in June 2009. Based on his review of Hogwood's medical record, and largely on the opinion of Dr. Boxley, Dr. Estock concluded that Hogwood indeed suffers from a depression disorder, but with only moderate symptoms. *Id*. at 638. Ultimately, Dr. Estock

determined that Hogwood

> would be expected to understand, remember, and carry out short simple instructions and tasks but would likely have difficulty with more detailed tasks and instructions[;]. . . Would be expected to maintain attention and concentration for 2 hours with customary rest breaks. A well-spaced work environment would be best for maximum concentration[;] . . . Contact with the public should be infrequent and non-intensive. Supervision should be tactful and constructive and non-threatening[;] . . . Changes in the workplace should be infrequent and gradually introduced.

(R. 640-642).

Based on this record, the court finds that the ALJ properly discredited Hogwood's pain testimony. The record shows that although Hogwood previously suffered from seizures, his current medication effectively treats the disorder and that Hogwood has not suffered from a seizure in at least six months. Likewise, Hogwood's migraines decreased from daily to not more than twice a week with only "mild" associated pain. Moreover, the pain from Hogwood's allegedly most severe impairment, degenerative disc disease, is also "much improved" and well treated with pain medication. Hogwood failed to present evidence that his symptoms are as severely limiting as he testified before the ALJ. Since Hogwood's testimony is not supported by the objective medical evidence, the ALJ properly discredited it. *See Holt*, 921 F.2d 1221 at 1223. Accordingly, the court finds that the ALJ's decision is supported by substantial evidence.

## VI.  CONCLUSION

Based on the foregoing, the court concludes that the ALJ's determination that Hogwood is not disabled is supported by substantial evidence and that proper legal standards were used in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.

**DONE** the 31st day of January, 2013.

_____
**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE